Dear Senator Kenneth Corn,
¶ 0 This office has received your request for an official Attorney General Opinion in which you ask, in effect, the following question:
 A State employee retires after participation in the Deferred Option Plan of the Oklahoma Law Enforcement Retirement System (OLERS). He or she has a break in service of more than thirty days with the State. The employee is later re-employed with the State and participates in another retirement system. After two years of service with the new agency, the employee is paid longevity. Is this employee eligible for longevity and retention points for prior service with the State?
 Background
¶ 1 Your question concerns an employee who retires under the Deferred Option Plan of OLERS and later enrolls in another State employee retirement system. Under the Deferred Option Plan, a member of OLERS "who has not less than twenty (20) years of creditable service and who is eligible to receive a service retirement" may "defer the receipts of [retirement] benefits" and continue working for a period not to exceed five years. 2003 Okla. Sess. Laws ch. 343, § 2(A), (C); 2003 Okla. Sess. Laws ch. 406, § 6(A), (C); 2003 Okla. Sess. Laws ch. 456, § 2(A), (C) (amending 47 O.S. 2001, § 2-305.2[47-2-305.2](A), (C)). During participation in the plan, the member ceases to make contributions to OLERS. Id. § 2-305.2(D). However, the employer continues to make contributions. Id. These contributions are equally divided between OLERS and the member's Deferred Option Plan account. Id. The monthly retirement benefits the member would have received, had he or she elected to retire instead of participating in the plan, are deposited into the member's Deferred Option Plan account. Id. At the end of the member's participation in the plan the member must terminate employment and begin receiving his or her monthly retirement benefits. Id.
§ 2-305.2(C). Additionally, the member receives either a lump sum payment from the Deferred Option Plan account, a lump sum payment to the account payable to an annuity fund, or any other method of payment approved by the OLERS Board. Id. § 2-305.2(F).
 c The Longevity Pay Plan And Retention Points
¶ 2 Section 840-2.18 of Title 74 establishes a plan for State employees to receive an additional lump sum payment each year as a reward for longevity of service as a State employee. See also
A.G. Opin. 99-38, 188. "To be eligible for longevity pay, employees must have been continuously employed . . . [with] the state for a minimum of two (2) years in full-time status or in part-time status working more than one thousand (1,000) hours a year." 2003 Okla. Sess. Laws ch. 380, § 1(C) (amending 74 O.S.2001, § 840-2.18[74-840-2.18](C)). The statute provides that "a break in service of thirty (30) calendar days or less shall not be considered an interruption of continuous service [and] a break in service of more than thirty (30) calendar days shall mark an end to continuous service." Id. Section 840-2.18(E) further provides, "[t]o determine years of service, cumulative periods of full-time employment or part-time employment working more than one hundred fifty (150) hours per month with the state . . . are applicable."
¶ 3 In addition to longevity pay, your question also references retention points. Retention points are found in the context of a reduction-in-force by a State agency. See 74 O.S. 2001, §840-2.27C[74-840-2.27C](B)(2), (5). The Oklahoma Statutes require that a reduction-in-force implementation plan shall "[p]rovide for retention of" certain employees "based upon consideration of years of service." Id. § 840-2.27C(B)(5). To implement Section 840-2.27C, the Office of Personnel Management promulgated administrative rules governing reduction-in-force plans. See
OAC:10-13-1-10-13-73. The rules provide that "[a]ffected employees shall be given credit for all current and prior service which is creditable for the Longevity Pay Plan." OAC530:10-13-33(a) (1998). However, unlike the Longevity Pay Plan, "[a]n employee shall not be required to have been continuously employed for 2 years to be given credit for either current or prior service." Id. This credit is commonly known as "retention points." Employees are ranked by their retention points for purposes of determining order of removal during a reduction-in-force. OAC 530:10-13-32(c) (2000).
 Analysis
¶ 4 You essentially ask whether, for purposes of calculating longevity and retention points, a person receives credit for periods of employment with the State that occurs prior to a break in service, or whether the person only receives credit for continuous periods of service. The object of statutory construction is to discern legislative intent. Neer v. State exrel. Okla. Tax Comm'n, 982 P.2d 1071, 1078 (Okla. 1999). "[W]here a statute's language is plain and unambiguous, and the meaning clear and unmistakable, no justification exists for the use of interpretive devices to fabricate a different meaning."Id.
¶ 5 The intent of the Legislature in enacting 74 O.S. 2001, §840-2.18[74-840-2.18], was to reward State employees for years of service to the State. The plain language of Section 840-2.18(E) states that "cumulative periods" of State employment are to be included in the calculation of years of service. Section 840-2.18(E) does not require that the years of service be continuous. Rather, the plain language of the statute suggests those prior periods of State service, taken in the aggregate, are to be included in the calculation, as long as that service otherwise qualifies. Continuous service is only required for an employee to qualify to receive longevity pay. Once an employee meets the two-year eligibility requirements of Section 840-2.18(C), he or she is then entitled to receive longevity pay based on the total years of qualifying State service.
¶ 6 For example, a State employee retires after 25 years of service under the Deferred Option Plan of OLERS. He or she has a break in service and then goes back to work for the State under another State retirement system. He or she must work for two continuous years for the State to qualify for longevity pay. After qualifying, the employee would receive a longevity payment based on 27 years of service.
¶ 7 The analysis for your question regarding retention points is substantially the same as for longevity pay. A State employee is entitled to receive retention points based on prior, non-consecutive periods of service, because the formula for calculating retention points is the same as that used to determine longevity pay. OAC 530:10-13-33(a) (1998). However, an employee is not required to work two continuous years to be eligible for retention points. Id.
¶ 8 The conclusion that a State employee is entitled to receive longevity pay and retention points for prior, non-consecutive periods of service finds support in a prior Opinion of the Attorney General. See A.G. Opin. 99-38. The Attorney General addressed whether a State employee must requalify with a new two-year period of continuous service to be eligible to receive longevity pay, if the employee had previously worked for a State agency for a period of more than two years, had a break in service of more than thirty days and was then re-employed by a State agency. Id. at 188. The Attorney General opined that an employee in that situation would have to requalify for longevity pay by working for two continuous years. Id. at 189.
¶ 9 The final step in answering your question is to consider what effect, if any, retirement from OLERS under the Deferred Option Plan would have on the calculation of years of service for longevity pay and retention points. Nothing in the statutes or rules governing longevity pay, retention points or retirement suggests that periods of service, accrued prior to retirement, should not be included in the total years of service that determine an employee's longevity pay or retention points. Therefore, for an employee who returns to State service after retirement, the periods of service that occurred prior to retirement should be considered in determining longevity pay and retention points.
¶ 10 It is, therefore, the official Opinion of the AttorneyGeneral that:
 1. A State employee is entitled to receive longevity pay and retention points for prior, non-consecutive periods of service. 74 O.S. 2001, §§ 840-2.18[74-840-2.18] (E); 840-2.27C(B)(1), (5). A State employee does not lose credit for longevity pay or retention points because of retirement if the employee returns to work for the State. Id.
 2. A State employee does not lose credit for longevity pay or retention points because of a break in service of more than thirty days. 74 O.S. 2001, § 840-2.18[74-840-2.18] (C). However, if an employee has a break in service of more than thirty days he or she must requalify for longevity pay by working for two continuous years without a break in service. See id.; A.G. Opin. 99-38.
 3. Once a State employee is eligible to receive longevity pay pursuant to 74 O.S. 2001, § 840-2.18, the amount of longevity pay he or she receives is based upon all qualifying cumulative periods of service throughout the employee's career with the State, even if such periods of service are non-consecutive. 74 O.S. 2001, § 840-2.18(E).
 4. The amount of retention points a person receives is based upon all qualifying cumulative periods of service throughout the employee's career with the State, even if such periods of service are non-consecutive, and even if the periods of service do not count toward the employee's eligibility to receive longevity pay. 74 O.S. 2001, § 840-2.27C(B)(2), (5); OAC 530:10-13-33(a) (1998).
 W.A. DREW EDMONDSON Attorney General of Oklahoma
 D. CASEY DAVIS Assistant Attorney General